Paul Alan Levy, pro hac vice
Public Citizen Litigation Group
1600  20th Street NW
Washington, D.C. 20009
(202) 588-1000
plevy@citizen.org

Catherine R. Gellis, California Bar #251927
P.O. Box 2477
Sausalito, California 94966
(202) 642-2849
cathy@cgcounsel.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER RECOUVREUR,                )    No. 3:12-cv-03435
                                       )
                   Plaintiff,          )    **MOTION TO DECLARE SERVICE**
                                       )    **EFFECTIVE AND SUPPORTING**
           v.                          )    **MEMORANDUM OF POINTS AND**
                                       )    **AUTHORITIES**
CHARLES CARREON,                       )
                                       )
                   Defendant.          )    Date: November 8, 2012
                                       )    Time: 1:30 PM
                                       )    Courtroom #3, 17th Floor

**TABLE OF CONTENTS**

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Notice of Motion and Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Memorandum of Points and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    The Court Should Order Substituted Service by Email. . . . . . . . . . . . . . . . . . . . . . . 5

    B.    The Court Should Declare that the Defendant Has Been Served, Give Defendant
        Twenty-One Days To Respond To the Complaint, and Award Plaintiff His Costs
        of Service Including Attorney Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

**CASES**

*Ali v. Tolbert,*
636 F.3d 622 (D.C. Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Andrews v. Pediatric Surgical Group,*
138 F.R.D. 611 (N.D. Ga. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Arden v. Kastell,*
No. 3-10-cv-00436-NC. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Balsam v. Angeles Technology,*
2007 WL 2070297 (N.D. Cal. July 17, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bein v. Brechtel-Jochim Group,*
6 Cal. App. 4th 1387 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bonita Packing Co. v. O'Sullivan,*
165 F.R.D. 610 (C.D. Cal. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Butler v. Crosby,*
2005 WL 3970740 (M.D. Fla. June 24, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Currie v. Wood,*
112 F.R.D. 408 (E.D.N.C. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Double "S" Truck Line v. Frozen Food Exp.,*
171 F.R.D. 251 (D. Minn. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gibble v. Car–Lene Research,*
67 Cal. App.4th 295 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*iCall v. Tribair,*
No 3-10-cv-02406-EMC. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Khourie, Crew & Jaeger v. Sabek,*
220 Cal. App. 3d 1009 (Cal. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kohler Co. v. Domainjet,*
2012 WL 716883 (S.D.Cal. Mar. 5, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Marcello v. Maine,*
238 F.R.D. 113 (D. Me. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Phillip Morris USA v Veles Ltd.,*
2007 WL 725412 (S.D.N.Y. Mar. 12, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Popular Enterprises v. Webcom Media Group,*
225 F.R.D. 560 (E.D. Tenn. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Premier Bank v. Ward,*
129 F.R.D. 500 (M.D. La. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rio Properties v. Rio International Interlink*,
    284 F.3d 1007 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Russell Brands v. GVD Intern. Trading*,
    282 F.R.D. 21 (D. Mass. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Travelers Casualty and Surety Co. of America v. Brenneke*,
    551 F.3d 1132 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*United States v. Mahoney*,
    2007 WL 4570843 (E.D. Cal. Dec. 27, 2007),
    magistrate judge's ruling adopted by district judge, 2008 WL 111139 (E.D. Cal. Jan. 9, 2008). . 7

**STATUTES AND RULES**

California Code of Civil Procedure

    Section 413.30. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Section 415.50. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Federal Rules of Civil Procedure

    Rule 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Rule 4(d)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Rule 4(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7
    Rule 4(f)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    Rule 12(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**MISCELLANEOUS**

Wright & Miller, *Fed Prac. & Proc.: Civil* § 1095. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that, on November 1, 2012, at 1:30 PM, or as soon thereafter as the matter may be heard by this Court, located at 450 Golden Gate Avenue, San Francisco, California, plaintiff Christopher Recouvreur will and hereby moves the Court, pursuant to Rule 4 of the Federal Rules of Civil Procedure, to authorize service by email and to declare that service has been effected.  Plaintiff was compelled to make this motion because Mr. Carreon, an attorney practicing in the Northern District of California and licensed in California, repeatedly refused service, including by mailing both of the unopened envelopes containing, respectively, the complaint and the amended complaint, back to plaintiff's counsel, his purposeful evasion of the process server, and his refusal to respond in any way to a request to waive service of the summons and complaint pursuant to Rule 4(d).

This motion is based on the following Memorandum of Points and Authorities and the attached affidavits and exhibits, and such further evidence and argument as the Court may entertain at the hearing on the matter.  It seeks an order (1) authorizing plaintiff to serve defendant Charles Carreon by email; (2) declaring that service has been effected; (3) setting a deadline to respond to the complaint; and (4) awarding costs and fees of service because defendant Carreon refused to waive service.

Respectfully submitted,

/s/ Paul Alan Levy
Paul Alan Levy (pro hac vice)
Julie Murray

Public Citizen Litigation Group
1600  20th Street NW
Washington, D.C. 20009
(202) 588-1000

/s/ Catherine S. Gellis
Catherine R. Gellis, California Bar #251927

P.O. Box 2477
Sausalito, California 94966
(202) 642-2849
cathy@cgcounsel.com

Attorneys for Plaintiff

October 4, 2012

1

2

3

**MEMORANDUM OF POINTS AND AUTHORITIES
SUPPORTING MOTION TO DECLARE SERVICE EFFECTIVE**

4    This action for a declaratory judgment seeks to protect the right of Christopher Recouvreur to

5    maintain a noncommercial blog to criticize defendant, attorney Charles Carreon, and is brought in response

6    to threats of litigation that defendant Carreon sent by email.  Mr. Carreon has not waived service of the

7    summons and complaint, and has evaded and refused to accept service both by certified mail and through

8    a process server.  These service efforts were attempted at the street address that Mr. Carreon used on his

9    threats of litigation related to this case and that he lists as his address with the California Bar and on this

10   Court's docket, in other cases in which he has represented parties in this Court.  At the same time he has

11   been evading service, Mr. Carreon has shown his awareness of the case, and implicitly threatened to sue

12   plaintiff's now-former employer for its alleged shared responsibility for the critical blog, and sent demands

13   for the preservation of records.  Moreover, hard copies of each pleading mailed to Mr. Carreon's address

14   have been placed in a separate envelope and mailed back to plaintiff's counsel.  Following these events,

15   plaintiff served defendant Carreon by email, using the same email addresses that defendant used to send his

16   threats of litigation, and at which Mr. Carreon receives ECF service in other cases in this district.

17   As explained in this memorandum, plaintiff now asks the Court to determine, pursuant to Rule

18   4(e)(1) and the California Code of Civil Procedure, that defendant Carreon has been effectively served

19   through the combination of the attempted service of hard copies of the summons and complaint, and the

20   successful delivery of the summons and complaint by email.  Additionally, the Court should set the deadline

21   for Mr. Carreon to answer or otherwise respond to the complaint as twenty-one days from the date of the

22   order, and should award attorney fees and costs associated with this motion.

23   **FACTS**

24   This action seeks a declaratory judgment of non-infringement: California resident Christopher

25   Recouvreur asks the Court to declare that his satirical web site, which is located at www.charles-

26   carreon.com, and which makes fun of Charles Carreon, does not infringe the trademark that Mr. Carreon,

27   a member of the California Bar now living in Arizona, has in his own name.  Mr. Carreon sent a letter dated

28   June 21, 2012, claiming infringement and threatening litigation, to Register.com, the company that registered

1  the domain name.  Levy Affidavit Exhibit A.  The letterhead showed Mr. Carreon's street address as 2165

2  S. Avenida Planeta, Tucson, Arizona 85710, and listed his email address as chas@charlescarreon.com.  *Id.*

3  The same street address and email address are shown on Mr. Carreon's listing with the California Bar, Levy

4  Affidavit Exhibit B; both addresses also appear as his contact information in this Court's ECF listings.  Levy

5  Affidavit Exhibit C.

6         After plaintiff asked Mr. Levy for representation, Mr. Levy promptly called Mr. Carreon to explain

7  why Ninth Circuit law fully protected the use of the Carreon name in a domain name; Mr. Levy offered to

8  send Mr. Carreon citations for the cases, and followed up with an email containing such citations.  Levy

9  Affidavit ¶ 5 and Exhibit D.  He sent the email to chas@charlescarreon.com, the address listed on Mr.

10 Carreon's June 21 letter to Register.com.  *Id.*  Mr. Carreon responded to the email by making additional

11 threats of litigation against plaintiff; Mr. Carreon's response was sent from chascarreon@gmail.com.  Levy

12 Affidavit ¶ 6 and Exhibit E.

13        Plaintiff filed this action on June 29, 2012.  As a courtesy, Mr. Levy sent Mr. Carreon a link to a web

14 page at which the complaint could be located.   The email did not bounce back.  Levy Affidavit ¶ 7 and

15 Exhibit F.  Within days, both Carreon and his wife publicly discussed the litigation that had been filed.

16 Levy Affidavit ¶ 8 and Exhibit G.   Several days later, Mr. Levy mailed Mr. Carreon a request for waiver

17 of summons, Levy Affidavit ¶ 9; on the same date, Mr. Levy sent Mr. Carreon an email notifying Mr.

18 Carreon that the waiver of summons had been sent.  *Id.* and Exhibit H. That email did not bounce back.

19 Levy Affidavit ¶ 9.  Mr. Carreon did not execute the waiver of summons form.  Instead, the entire envelope

20 containing the request, the complaint, and the waiver form, was placed, unopened, inside a second envelope

21 and mailed back to Mr. Levy.  The return address on this mailing was 2165 S. Avenida Planeta, Tucson,

22 Arizona 85710 — Mr. Carreon's address of record.  Levy Affidavit ¶ 10.

23        The Court subsequently issued an order requiring plaintiff to provide an explanation for having filed

24 this action as a Doe plaintiff.  Docket Item Number 9 ("DN 9").  In response to this order, plaintiff filed an

25 amended complaint in his true name, along with a notice explaining why he had originally sued

26 anonymously and why he was relinquishing that status.  DN 14, 14-1.  A hard copy of this filing was mailed

27 to Mr. Carreon's Avenida Planeta address; the entire package was mailed back to Mr. Levy, unopened, in

28 an envelope bearing the Avenida Planeta address.  Levy Affidavit ¶ 11.

1    At plaintiff's request, the Court issued a summons. DN 16.  Plaintiff hired an Arizona process service

2    company, Levy Affidavit ¶ 12, which attempted to serve the summons and amended complaint at the

3    Avenida Planeta address.  When the server arrived, he found that access to the house was limited by a gate.

4    Affidavit of Justin Beth, attached to Levy Affidavit as Exhibit I.  He called into the house using the

5    telephone number listed outside the gate.  The server said he had legal documents, and a male voice

6    responded, "No thank you."  *Id.* The server then left with the papers.  The server spotted an automobile

7    parked outside the residence.  *Id.*  Arizona motor vehicle records reveal that the car is registered to Mr.

8    Carreon's law firm.  Levy Affidavit ¶ 13 and Exhibit J. The process server returned two more times to try

9    to effect service, but nobody answered when he called to announce his presence.  Beth Affidavit ¶ 1.

10   The process service company then tried to serve the summons and complaint by mail to the Avenida

11   Planeta address, using certified mail.  Gradias Affidavit ¶ 1, attached to Levy Affidavit as Exhibit K.  As

12   the attached postal service record reflects, an unsuccessful attempt was made to deliver the papers; the postal

13   service then left a notice of attempted delivery.  Levy Affidavit ¶ 15 and Exhibits L, M.  Mr. Carreon never

14   claimed the package, and it was returned to the process service unclaimed.  Gradias Affidavit ¶ 2; Levy

15   Affidavit Exhibit M.

16   At the same time that Mr. Carreon was refusing to accept service of the complaint, he was acting as

17   a defendant in the case.  Mr. Carreon faxed a letter to the general counsel of Walgreens, where plaintiff was

18   an assistant manager at the time this action was filed.  Levy Affidavit Exhibit N.[1]   The demand letter

19   announced defendant's belief that plaintiff must have created and maintained his allegedly actionable web

20   site during the hours when he was working for Walgreens, and using Walgreens' computer equipment and

21   or Internet access.   Mr. Carreon expressed uncertainty about whether he would make Walgreens a party to

22   this litigation, implying that he was considering a respondeat superior theory, but he demanded that

23   Walgreens preserve business records showing Recouvreur's work hours as well as all computer records for

24   the store where plaintiff was working, so that he could obtain the documents by subpoena.  *Id.*  The letter

25   was on the same letterhead as the demand to Register.com, showed Mr. Carreon's street address as 2165 S.

---

27   [1]Mr. Carreon did not send the letter to plaintiff's counsel.  Instead, he faxed it to an attorney
at the Electronic Frontier Foundation, who was counsel for a defendant in a related case filed by Mr.
28   Carreon; that attorney shared it with Mr. Levy.  Levy Affidavit ¶ 16.

1  Avenida Planeta, Tucson, Arizona 85710, and listed his email address as chas@charlescarreon.com. *Id.*[2]

2  A Walgreens attorney corresponded with Mr. Carreon about these demands by email, using the address

3  chascarreon@gmail.com. Levy Affidavit Exhibit O.

4         During the period when Mr. Carreon has refused service in this case, he has been representing

5  plaintiffs in other cases in this district, including *Arden v. Kastell*, No. 3-10-cv-00436-NC, and *iCall v.*

6  *Tribair*, No 3-10-cv-02406-EMC. Levy Affidavit Exhibit C. In both cases, Mr. Carreon lists the Avenida

7  Planeta address as his own, and the chas@charlescarreon.com address as the address by which papers can

8  be served on him through the ECF system. *Id.* At the very time when he was evading service in this case,

9  in *iCall* Mr. Carreon was given leave to appear by telephone to avoid the hardship of having to travel to the

10  Bay Area to appear in person at a hearing. Levy Affidavit Exhibit Q.

11         On September 25, 2012, plaintiff's counsel emailed Mr. Carreon a copy of the summons, complaint

12  and amended complaint. Levy Affidavit ¶ 18 and Exhibit R. Counsel sent the email both to the email

13  address that Mr. Carreon lists on his letterhead, on his bar record, and in his ECF record, and to the gmail

14  address that Mr. Carreon used to correspond with Walgreens and with plaintiff's counsel about this case.

15  *Id.* Counsel told Mr. Carreon that, unless Mr. Carreon was willing to respond to the complaint, plaintiff

16  would move to have service declared effective, and asked Mr. Carreon to meet and confer about the motion.

17  Counsel also telephoned Mr. Carreon with the same request and left a voicemail message. *Id.* Mr. Carreon

18  has not responded to either the email or the voicemail. *Id.*

19                                **ARGUMENT**

20  **A.     THE COURT SHOULD AUTHORIZE SUBSTITUTED SERVICE BY EMAIL.**

21         Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service to be effected by any means

22  permitted by the law of the state in which a case is pending, or of the state where the defendant resides.

23  Sections 413.30 and 415.50 of the California Code of Civil Procedure authorize substituted service: under

24  section 413.30, the summons may be "served in a manner which is reasonably calculated to give actual

25  notice to the party to be served," and under section 415.50, service by publication is authorized "if upon

---

27      [2]Shortly before he sent this demand letter, Carreon speculated on his own blog,
rapeutation.com, that Walgreens might fire Recouvreur for allegedly using his work computer to

28  work on his anti-Carreon blog. Levy Affidavit, Exhibit P.

affidavit it appears . . . that the party to be served with reasonable diligence be served in another manner specified in this article." When service is sought under this latter provision, the plaintiff must also show by affidavit that "[a] cause of action exists against the party upon whom service is to be made." *Id.* These conditions have been met here.

First, because section 415.50 requires the plaintiff to verify the facts supporting his cause of action, an affidavit from plaintiff Recouvreur is attached to this motion.

Second, plaintiff made diligent efforts to effect service at the Avenida Planeta street address that defendant Carreon lists as his contact location with both the California Bar and this Court's ECF system. The original complaint was mailed to Mr. Carreon at that address, along with a form for waiver of service, and subsequently the amended complaint was mailed to the same address after it was filed. The record shows that both mailings were received, because each was placed in another envelope and mailed back to plaintiff's counsel. Levy Affidavit ¶¶ 9-11. Second, plaintiff hired a process service company in Arizona, where Mr. Carreon resides, and personal service was attempted three times at the same Avenida Planeta street address. Beth Affidavit. On the first attempt, when a car registered to Mr. Carreon's solo practice was parked outside the house, a male voice at the residence said "no thank you" after the process server announced himself, calling the phone number posted at the gate outside the residence. *Id.* On the other two occasions when the process server came to the residence, there was no answer when the process server announced himself. *Id.*[3] The process service company then sent the summons and complaint by certified mail to the Avenida Planeta address. The package was not accepted, so the postal service left a notice; after fifteen days, the package was returned to the process service company unclaimed. Gradias Affidavit ¶ 2; Levy Affidavit ¶ 15 and Exhibits L, M.

Under California law, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Bein v. Brechtel-Jochim Group*, 6 Cal. App. 4th 1387, 1390 (1992), quoted in *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995). Indeed, when a defendant refuses to accept papers after being informed of their contents,

---

[3]Because a fence surrounds the house, the process server could not leave summons and complaint at the door of the house, which might have been sufficient to effect service. *Khourie, Crew & Jaeger v. Sabek*, 220 Cal. App.3d 1009, 1013-1014, 269 Cal. Rptr. 687 (Cal. App. 1990).

---

courts generally treat the defendant as evading service, thus justifying substituted service.  *Travelers Cas. & Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009), *citing* Wright & Miller, Fed Prac. & Proc.: Civil § 1095; *United States v. Mahoney*, 2007 WL 4570843 (E.D. Cal. Dec. 27, 2007), magistrate judge's ruling adopted by district judge, 2008 WL 111139 (E.D. Cal. Jan. 9, 2008).  *See also Balsam v. Angeles Technology*, 2007 WL 2070297 (N.D. Cal. July 17, 2007).

Courts have accepted service by email as substituted service under Rule 4(e)(1) and California law, in circumstances where email appears to be a reliable means of delivering the summons and complaint to the defendant.  *See Kohler Co. v. Domainjet*, 2012 WL 716883 (S.D.Cal. Mar. 5, 2012); *Balsam v. Angeles Technology*, *supra*.  The Ninth Circuit has specifically recognized that, in some cases, email service may well be the most effective way of placing the summons and complaint in the hands of the defendant.  *Rio Properties v. Rio International Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (authorizing email service under Rule 4(f)(3)).  *See also Russell Brands v. GVD Intern. Trading*, 282 F.R.D. 21, 25, 26 (D. Mass. 2012); *Phillip Morris USA v Veles Ltd.*, 2007 WL 725412 , at *2-*3 (S.D.N.Y. Mar. 12, 2007); *Popular Enterprises v. Webcom Media Group*, 225 F.R.D. 560, 561-562 (E.D. Tenn. 2004).  The use of email as a form of service is particularly appropriate where the defendant belongs to the California Bar and the Bar of this Court, has listed chas@charlescarreon.com as proper means of contact, and, through his ECF registration, agreed to accept service at the chas@charlescarreon.com email address.  Levy Affidavit Exhibits A-C.

Here, the usefulness of email as the best means of placing the summons and complaint in Mr. Carreon's hands is shown by the fact that Mr. Carreon communicated his threats of litigation against plaintiff by email, using his gmail address, and that Mr. Carreon has used email to litigate this case by sending document preservation demands to Walgreens, plaintiff Recouvreur's employer.  Moreover, the letterhead on which Mr. Carreon has written about this case shows his chascarreon.com email address.  Levy Affidavit Exhibits D-E, N-O.   Additionally, the record shows, in the days leading up to the filing of this case, plaintiff's counsel exchanged several emails with Mr. Carreon, using both his chascarreon.com and his gmail email addresses.  *Id.*  Clearly, email is the most effective means of placing the summons and complaint in his hands.

Defendant Carreon's evasion of service should not be rewarded by forcing plaintiff Recouvreur to

1    hire a process server or private investigator to stake out Mr. Carreon's home and wait for him to come

2    outside so that process can be delivered to him in person.  Although these expenses would have to be

3    reimbursed by Mr. Carreon pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, it would be

4    unfair to require plaintiff, who was an assistant manager at Walgreens when this case began, but has since

5    left that job, to bear those expenses, even temporarily.  Recouvreur Affidavit ¶ 4.

6    **B.    THE COURT SHOULD DECLARE THAT DEFENDANT HAS BEEN SERVED, GIVE
         DEFENDANT TWENTY-ONE DAYS TO RESPOND TO THE COMPLAINT, AND AWARD
7        PLAINTIFF HIS COSTS OF SERVICE INCLUDING ATTORNEY FEES.**

8           In addition to deciding that email service is sufficient to bring defendant Carreon before the Court,

9    the Court should also declare that service has already been effected. After the certified mail package was

10   returned unclaimed to the process server, plaintiff's counsel emailed the summons, complaint, and amended

11   complaint to Mr. Carreon, using both the charlescarreon.com address that he uses for most of his legal work,

12   and the gmail address that Mr. Carreon has used for his email correspondence specifically related to this

13   case. Levy Affidavit ¶ 18 and Exhibit R.  There was no bounceback message from either address indicating

14   that the email and attachments had not been received.  *Id.*  It is reasonable to infer, therefore, that delivery

15   has been effective.  "So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally

16   construed' to uphold service." *Travelers Cas. & Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135 (9th

17   Cir. 2009).  *Accord Gibble v. Car–Lene Research*, 67 Cal. App.4th 295, 313 (1998) ("in deciding whether

18   service was valid, the statutory provisions regarding service of process should be liberally construed to

19   effectuate service and uphold the jurisdiction of the court if actual notice has been received by the

20   defendant.")

21          In addition, hard copies of both the complaint and amended complaint have been placed in Mr.

22   Carreon's possession, through envelopes mailed to his home/office.  Although the envelopes containing the

23   complaints were mailed back to plaintiff's counsel, without the envelopes having been opened, the very fact

24   that Mr. Carreon's address was placed on the outer envelopes for mailing shows that he had possession of

25   the complaints.  Levy Affidavit ¶¶ 9-11.

26          Finally, Mr. Carreon has shown that he knows full well that he has been sued.  He discussed the

27   litigation on his "rapeutation.com" web site, although after he decided to evade service he removed that

28   acknowledgment from his web site.  Levy Affidavit ¶ 8 and Exhibit G; his wife Tara Carreon similarly

1   acknowledged the filing of this litigation. *Id.* Mr. Carreon's letter to Walgreens admits his knowledge that

2   he has been sued, although he claimed not to have read the complaint. *Id.* Exhibit N. Indeed, his letter and

3   email to Walgreens represent his initial steps to litigate the case. The Court is requested to bring this charade

4   to a close by declaring that Mr. Carreon has been effectively served and establishing a deadline for defendant

5   to plead or file a motion in response to the Amended Complaint under Rule 12. The deadline should be

6   twenty-one days after the date of the Court's order ruling on this motion. Rule 12(a).

7       Finally, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, the Court should order

8   defendant Carreon to pay the expenses of the attempted service, including attorney fees incurred pursuing

9   this motion. *Marcello v. Maine*, 238 F.R.D. 113, 117 (D. Me. 2006); *Butler v. Crosby*, 2005 WL 3970740,

10  at *8 (M.D. Fla. June 24, 2005); *Double "S" Truck Line v. Frozen Food Exp.*, 171 F.R.D. 251, 253-254 (D.

11  Minn. 1997); *Andrews v. Pediatric Surgical Group*, 138 F.R.D. 611, 613 (N.D. Ga. 1991); *Premier Bank*

12  *v. Ward*, 129 F.R.D. 500, 502 (M.D. La. 1990). *See also Ali v. Tolbert*, 636 F.3d 622 (D.C. Cir. 2011)

13  (authorizing award of attorney fees under court's inherent authority against defendant for evasion of service);

14  *Currie v. Wood*, 112 F.R.D. 408, 410 n.1 (E.D.N.C. 1986) (same).[4]

15                              **CONCLUSION**

16      The Court should hold that defendant may be served by email and that the email sent to defendant

17  effected service. Defendant should be given twenty days from the date of the Court's order to respond to

18  the Complaint and should be ordered to pay plaintiff's costs, including attorney fees on this motion.

19                              Respectfully submitted,

20

21                              /s/ Paul Alan Levy
                                Paul Alan Levy (pro hac vice)
                                Julie Murray
22
                                Public Citizen Litigation Group
23                              1600  20th Street NW
                                Washington, D.C. 20009
24                              (202) 588-1000

25  ─────────────────

26      [4]Instead of submitting affidavits about fees with this motion, plaintiff urges the Court to
    direct the parties to meet and confer in good faith about the amount of fees, and to litigate the issue
27  only if they cannot agree on it. Assuming that Mr. Carreon is willing to participate in the litigation
    after being given a Court-ordered deadline to respond to the complaint, postponing a ruling on the
28  amount of fees will ensure that there is an opportunity for adversarial litigation over this issue.

1

2

_____/s/ Catherine S. Gellis_____
Catherine R. Gellis, California Bar #251927

3

4

P.O. Box 2477
Sausalito, California 94966
(202) 642-2849
cathy@cgcounsel.com

5

6

October 4, 2012

Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that I am causing a copy of this Motion and Memorandum, the accompanying affidavits of Paul Alan Levy and Christopher Recouvreur, and a Proposed Order, to be sent to defendant Charles E. Carreon both by email to chascarreon@gmail.com and chas@charlescarreon. com and by first class mail to 2165 S. Avenida Planeta, Tucson, Arizona 85710

/s/ Paul Alan Levy
Paul Alan Levy

Motion for Order Declaring Service Effective