Paul Alan Levy, pro hac vice
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000
plevy@citizen.org

Catherine R. Gellis, California Bar #251927
P.O. Box 2477
Sausalito, California 94966
(202) 642-2849
cathy@cgcounsel.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER RECOUVREUR,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES CARREON,<br><br>Defendant. | ) | No. 3:12-cv-03435<br><br>**MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 3, 2013<br>Time: 1:30 PM<br>Courtroom #3, 17th Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that, on January 3 , 2013, at 1:30 PM, or as soon thereafter as the matter may be heard by this Court, located at 450 Golden Gate Avenue, San Francisco, California, plaintiff Christopher Recouvreur will and hereby does move the Court, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, for an order awarding the expenses incurred serving defendant Charles Carreon after he failed to waive service, as well as the reasonable attorney fees incurred pursuing this motion.

This motion seeks the following relief: an order awarding $374.45 for service expenses and $4,290 for attorney fees, and setting a deadline for payment.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**SUPPORTING MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES**

Defendant Carreon failed to waive service of the summons and complaint, and stated that he was deliberately refusing to “expose [him]self for service.” After he was served, he declined to agree to pay

service expenses, as required by Rule 4(d)(2)(A), staating that no payment could be required of him until after final judgment was entered in the case. Given defendant's warning before the case began that he has a reputation for dragging out litigation "for years," plaintiff now seeks an award of service expenses as well as the fees incurred in seeking those expenses.

**FACTS**

In this action, California resident Christopher Recouvreur asks the Court to declare that his satirical web site at www.charles-carreon.com does not infringe the trademark that Charles Carreon, a member of the California and Oregon bar now living in Arizona, has in his own name. Mr. Carreon sent a letter dated June 21, 2012, claiming infringement, and threatening litigation, to Register.com, the company that registered the domain name. Levy First Affidavit (Docket Number 19-1), Exhibit A. The letterhead showed Mr. Carreon's street address as 2165 S. Avenida Planeta, Tucson, Arizona 85710. *Id.* The same street address is shown on Mr. Carreon's listing with the California Bar, *id.* Exhibit B, and as his contact information in this Court's ECF listings. *Id.* Exhibit C.

Plaintiff retained Mr. Levy as counsel, and Mr. Levy promptly called Mr. Carreon to explain why Ninth Circuit law fully protected the use of the Carreon name in a domain name; he offered to send Mr. Carreon citations for the cases, and followed up with an email containing such citations. *Id* ¶ 5 and Exhibit D. Mr. Carreon responded to the email by making additional threats of litigation against plaintiff. *Id.* ¶ 6 and Exhibit E.

Plaintiff filed this action on June 29, 2012. Several days later, Mr. Levy mailed a request for waiver of summons to defendant at 2165 S. Avenida Planeta, Tucson, Arizona 85710. *Id.* ¶ 9. Defendant did not execute the waiver of summons form. Instead, the entire envelope, which contained the request, the complaint, and the waiver form, was placed, unopened, inside a second envelope and mailed back to Mr. Levy. The return address on this mailing was 2165 S. Avenida Planeta, Tucson, Arizona 85710. *Id.* ¶ 10.

At plaintiff's request, the Court issued a summons, DN 16; plaintiff hired an Arizona process server, Levy First Affidavit ¶ 12, whose failed efforts to serve the summons are recounted in the court's opinion and order declining to declare service to have been effective. DN 24. Plaintiff spent $148.50 on that process server. Levy Attached Affidavit ¶ 2 and Exhibit R. Plaintiff then moved the Court to declare that his efforts to serve defendant had been sufficiently diligent to warrant an order authorizing service by email, and

declaring that the emailing of the amended complaint was sufficient to make service effective. The Court directed plaintiff to undertake further efforts at personal service. DN 24 at 3-4. Plaintiff then retained a second process server, at a cost of an additional $65. Levy Attached Affidavit ¶ 2 and Exhibit R. While the second process server was attempting to effect service, Mr. Levy filed a Case Management Statement, and both mailed the statement to Mr. Carreon and emailed it to him. Mr. Carreon responded to the email, and said, among other things, that because he did not want to participate in the lawsuit against him, he "accordingly will not consent to or expose myself to service." *Id.* ¶ 4 and Exhibit S.

Counsel learned that defendant Carreon, in his work as a lawyer for the plaintiff in a pending case, was scheduled to appear before Judge Chen on November 15. Plaintiff's California counsel, Ms. Gellis, served defendant in person after that hearing ended. She spent 2.5 hours and incurred $10.95 in expenses traveling to court to effect service. Gellis Affidavit ¶ 3. The cost of hiring process servers to wait outside defendant's home, hoping to catch him outside his fence, or to travel to locations where he might be found, would have been $60 or $65 per hour. Levy Attached Affidavit ¶ 3.

On November 20, 2012, plaintiff's counsel sought to meet and confer with defendant about this motion. Defendant refused to agree to pay any service expenses. *Id.* ¶ 6 and Exhibit T.

**THE COURT SHOULD ORDER DEFENDANT TO PAY PLAINTIFF'S SERVICE EXPENSES AND ATTORNEY FEES INCURRED IN PREPARING THIS MOTION.**

Rule 4(d)(2) of the Federal Rules of Civil Procedure requires a court to impose both the expenses of service and the costs of counsel in seeking those expenses, including a reasonable attorney fee, when the defendant fails to execute and return a waiver of service when requested:

> (2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> > (A) the expenses later incurred in making service; and
> >
> > (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

In responding to plaintiff's request to meet and confer, defendant took the position that such an award is premature until judgment has been granted, and that an award cannot be collected until the end of the case, Exhibit T, but the courts consistently reject the argument that a motion for service expenses is "premature"

when filed before the end of the case. *Costello v. Feaman*, 2010 WL 2985660, at *2 (E.D. Mo. 2010); *Marcello v. Maine*, 238 F.R.D. 113, 115 (D. Me. 2006); *Butler v. Crosby*, 2005 WL 3970740, at *4 (M.D. Fla. June 24, 2005); *Double S Truck Line v. Frozen Food Exp.*, 171 F.R.D. 251, 253 (D. Minn. 1997). To reinforce this point, courts set a deadline for payment, and indeed warn that sanctions may be forthcoming if payment is not made on time. *Andrews v. Pediatric Surgical Group*, 138 F.R.D. 611, 614 (N.D. Ga. 1991); *Premier Bank v. Ward*, 129 F.R.D. 500, 502-503 (M.D. La. 1990).

In addition to providing the plaintiff with an entitlement to an award of service expenses, Rule 4(d)(2)(B) requires that the costs of obtaining the expenses, including reasonable attorney fees, also be awarded. The 1993 Advisory Committee Notes explained the need for this provision:

> In the absence of such a provision, the purpose of the rule would be frustrated by the cost of its enforcement, which is likely to be high in relation to the small benefit secured by the plaintiff.

In each of the cases cited above, a court awarded attorney fees for the motion to award service expenses. Similarly, fees should be awarded here in light of defendant's unjustified refusal to consent to the award or expenses.

An award of attorney fees would also be justified by defendant's deliberate evasion of service — here, defendant thumbed his nose at the service that was being attempted because he did not want to inconvenience himself by having to defend against this litigation. *Ali v. Tolbert*, 636 F.3d 622 (D.C. Cir. 2011) (authorizing award of attorney fees under court's inherent authority against defendant for evasion of service); *Currie v. Wood*, 112 F.R.D. 408, 410 n.1 (E.D.N.C. 1986) (same). *See also* ABA Model Rules of Professional Conduct, Rule 8.4(a)(4) (attorneys must refrain from any "conduct that is prejudicial to the administration of justice"); North Carolina Formal Ethics Opinion 98-2 (Jan. 15, 1998), available at http://www.ncbar.com/ethics/ethics.asp?page=290 (attorney may not counsel client to evade service).

The record amply supports the amounts of service expenses and fees being sought in this case. The Levy and Gellis affidavits establish that $213.50 was paid to process servers and $10.95 was paid to travel to court to serve the summons. In addition, plaintiff was quoted hourly rates of $60 and $65 for "special services" process servers to wait for Mr. Carreon to come out of his house, or to try to locate him elsewhere. Levy Affidavit ¶ 3; because Ms. Gellis spent 2-1/2 hours serving Mr. Carreon on November 15, Gellis Affidavit ¶ 3, plaintiff seeks $150 in additional expenses to pay Ms. Gellis for her time serving process.

Thus, a total award of $374.45 in service expenses is appropriate.

The attached affidavits of Mr. Levy and Ms. Gellis show that, through Sunday November 25, 2012, they spent 5.7 hours and one hour on this motion, respectively. Ms. Gellis is a lawyer in private practice whose ordinary billing rate of $300 per hour is presumptively the reasonable rate for her services. Mr. Levy is a public interest lawyer who only represents clients pro bono; the reasonable rate for his services depends on the rate prevailing in the market for legal services. *Blum v. Stenson*, 465 U.S. 886, 895-896 (1984). The attached affidavit of Mark Goldowitz specifically confirms the propriety of Mr. Levy's $700 per hour rate. Similarly, the affidavit of Richard Pearl, which was accepted in *Rosenfeld v. U.S. Dept. of Justice*, — F. Supp.2d —, 2012 WL 4933317 (N.D. Cal. 2012), and the award of fees in *Rosenfeld* at the hourly rate of $700 to James Wheaton, a lawyer who is somewhat less experienced than Mr. Levy, supports Mr. Levy's claimed hourly rate of $700. Levy Attached Affidavit ¶ 16 and Exhibit X. Similarly, the Adjusted Laffey Matrix, which federal courts in the District of Columbia use to avoid lengthy battles over hourly rates, and which other federal courts in California have accepted as reasonable, *Bond v. Ferguson Enterprises*, 2011 WL 2648879, at *12 (E.D. Cal. June 30, 2011), shows that Mr. Levy's proper hourly rate would be $753. Consequently, a total fee award of $4,290 is appropriate.

Finally, the proposed order includes a requirement that defendant pay the expenses and attorney fees within fifteen days of the Court's order, as provided by *Andrews v. Pediatric Surgical Group*, 138 F.R.D. 611, 614 (N.D. Ga. 1991); *Premier Bank v. Ward*, 129 F.R.D. 500, 502-503 (M.D. La. 1990). Given defendant's announced position that he cannot be compelled to make payment until the case is over, and his pre-litigation threat to string the litigation out as long as possible, the accompanying proposed makes provision for prompt payment.

Respectfully submitted,

/s/ Paul Alan Levy

Paul Alan Levy (pro hac vice)
Julie Murray

Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-1000

November 26, 2012

/s/ Catherine S. Gellis

Catherine R. Gellis, California Bar #251927

P.O. Box 2477
Sausalito, California 94966
(202) 642-2849
cathy@cgcounsel.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that I am causing a copy of this Motion and Memorandum, as well as the accompanying affidavits and exhibits and proposed order, to be sent to defendant Charles E. Carreon by email to chascarreon@gmail.com and chas@charlescarreon. com.

/s/ Paul Alan Levy
Paul Alan Levy