Paul Alan Levy, pro hac vice
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000
plevy@citizen.org

Catherine R. Gellis, California Bar #251927
P.O. Box 2477
Sausalito, California 94966
(202) 642-2849
cathy@cgcounsel.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RECOUVREUR,<br>Plaintiff,<br>v.<br>CHARLES CARREON,<br>Defendant. | No. 3:12-cv-03435<br><br>**OPPOSITION TO MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR AWARD OF ATTORNEY FEES** |

Defendant Charles Carreon has asked the Court to delay for 120 days his deadline for responding to plaintiff's motion for an award of attorney fees under the Lanham Act. The reason for this extension is not to accommodate any other deadlines in Mr. Carreon's work. Instead, Mr. Carreon claims that he needs extra time to brief the motion thoroughly, to secure amicus support for his opposition, and to take discovery from plaintiff, from Public Citizen, and from Mr. Levy, lead counsel for plaintiff, to find additional reasons to oppose the requested fees. None of these reasons is an adequate basis for the requested extension.

First, the memorandum of law supporting the application for an award of attorney fees is barely ten pages long, and the thirty-day extension that Mr. Levy offered (with no further extensions) would provide more than enough time to draft a response. Mr. Levy's supporting affidavit reflects that lead counsel spent roughly ten hours of billable time drafting the application and supporting papers; co-counsel together spent less than five hours reviewing the papers. Had Mr. Carreon begun work on his opposition promptly, no extension would have been needed to write an opposition, especially given Mr. Carreon's acknowledgment that the extension is not needed to accommodate other deadlines that he faces. Levy Affidavit ¶ 3.

Second, even assuming that the potential amici whose support Mr. Carreon has solicited are

interested in participating, the parties should not have to defer the determination of their litigation to accommodate amici curiae; it is any potential amici who must accommodate their schedules to the parties. And unlike in the Court of Appeals, where the rules require an amicus curiae to file no later than seven days after the party supported, *see* Federal Rules of Appellate Procedure, Rule 29(e), no strict rule governs the time for filing amicus briefs in this court. In the event Mr. Carreon succeeds in attracting amicus support, the Court can decide at that time, in the context of a motion for leave to file such a brief, whether the motion is filed at a prejudicial time. Generally speaking, plaintiff does not object to amicus briefs so long as there is an opportunity to respond to them.

Mr. Carreon's final reason for seeking an extension is to take discovery. Plaintiff Recouvreur objects to Mr. Carreon's effort to use discovery to test the various theories propounded in the memorandum supporting the extension. Most of the issues on which defendant says he wants to take discovery are irrelevant to the issue of whether a court should award attorney fees based on an objective test that asserts that Mr. Carreon's threatened trademark and cybersquatting claims, which necessitated this successful suit for a declaratory judgment, were groundless and unreasonable. Moreover, courts have discouraged discovery in connection with fee applications. Conte, 2 *Attorney Fee Awards* § 6:7, at 40 (3d ed. 2004). The Ninth Circuit has repeatedly warned that the attorneys fee issue should not result in a major litigation. *E.g., Camacho v. Bridgeport Financial*, 523 F.3d 973, 981 (9th Cir. 2008); *Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114, 1120 (9th Cir. 2006). "[F]ee litigation . . . should not transform into the tail that wags the dog. *See City of Burlington v. Dague*, 505 U.S. 557, 566 (1992)." *Vicor Corp. v. Vigilant Ins. Co.*, 674 F.3d 1, 20 (1st Cir. 2012) (punctuation and parallel citations omitted); *accord Nightingale Home Healthcare v. Anodyne Therapy*, 626 F.3d 958, 965 (7th Cir. 2010).

In addition, defendant has not taken the steps necessary to conduct discovery. The proposed order that Mr. Carreon submitted with his motion does not provide for any discovery, nor does it limit the discovery to any particular subjects. Because the parties have not held their Rule 26(f) conference, discovery did not open in this case before judgment was entered. Accordingly, a specific motion for leave to take

discovery—not an ex parte motion—would have to be filed.[1]

Rather than granting an extension for the purported purpose of obtaining discovery, plaintiff suggests that the Court should require defendant to file his opposition to the application for attorney fees, explaining the arguments at which he hints at pages 3 to 4 of his memorandum supporting an extension. In the course of that opposition, Mr. Carreon would be able to specify discovery that he seeks and to explain the legal theories that supposedly make specific discovery subjects relevant to the issues to be determined on the fee motion, including an explanation of how Mr. Carreon has standing to pursue such issues. This process would thus be similar to justifying a Rule 56(d) affidavit filed in support of an opposition to a motion for summary judgment. Plaintiff would then be able to respond to those arguments in his reply brief and the Court could then decide, in a proper context, whether any discovery should be permitted.

## CONCLUSION

The motion for an extension of time should be denied. Plaintiff would not, however, oppose a short extension to permit defendant to file his opposition to an award of attorney fees, as described above.

Respectfully submitted,

/s/ Paul Alan Levy
Paul Alan Levy (pro hac vice)
Julie Murray

Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-1000

/s/ Catherine R. Gellis
Catherine R. Gellis, California Bar #251927

---

[1]Defendant points to a factual error in plaintiff's memorandum supporting an award of attorney fees, which stated that Mr. Carreon had sought and been denied leave to appear by telephone at the motion for a preliminary injunction hearing in *iCall v. Tribair*, 3:12-cv-02406-EMC. In drafting this sentence of the brief, counsel incorrectly conflated other such requests from Mr. Carreon with his motion for a preliminary injunction in *iCall*; counsel apologize for this inadvertent factual error. Plaintiff notes that the memorandum seeking an extension, and the supporting affidavit, includes some factual and legal errors, but none of them bear on the requested extension. If the statements are repeated in an opposition to the fee application, plaintiff reserves the possibility of addressing them in reply.

P.O. Box 2477
Sausalito, California 94966
(202) 642-2849
cathy@cgcounsel.com

Attorneys for Plaintiff

January 17, 2013

Paul Alan Levy, pro hac vice
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000
plevy@citizen.org

Catherine R. Gellis, California Bar #251927
P.O. Box 2477
Sausalito, California 94966
(202) 642-2849
cathy@cgcounsel.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RECOUVREUR,<br>Plaintiff,<br>v.<br>CHARLES CARREON,<br>Defendant. | No. 3:12-cv-03435<br><br>**SIXTH AFFIDAVIT OF PAUL ALAN LEVY** |

1. My name is Paul Alan Levy. I am lead counsel for plaintiff in this case.

2. When I met and conferred with defendant Charles Carreon about plaintiff's intended motion for an award of attorney fees on the merits of the case, Mr. Carreon told me that he was going to try to find a lawyer to represent him in opposing the fee application and that he anticipated seeking an extension of time to do so. He asked me to agree in advance to such a motion for a three-month extension. I told him that I I considered a three month extension to find an attorney excessive. I said that I would agree to a one-month extension for that purpose.

3. Mr. Carreon contacted me after the motion for an award of attorney fees was filed, seeking the three-month extension to which I had already objected; he sent me the proposed stipulation that he attaches to his affidavit as Exhibit 7 (the extension reflected in it was three months). When we conferred by telephone about his requested extension, he told me that he was no longer seeking a lawyer, and he agreed that the extension he was seeking was not to allow him to meet existing deadlines in other cases. He said that he wanted to take discovery. I explained that we did not agree with the proposition that he was entitled to any discovery, but I offered to stipulate to a one-month extension so long as he would commit to not seek

any further extensions.

I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on January 17, 2013.

Paul Alan Levy

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2013, I am causing a copy of this Opposition, and attached affidavit and proposed order, to be filed on the Court's ECF system, which will effect service on opposing counsel.

/s/ Paul Alan Levy
Paul Alan Levy